No. 30,780.

AGRICULTURAL BOND AND CREDIT CORPORATION, *Appellant*, v. EARL J. KOENIG, *Appellee.*

(16 P. 2d 954.)

Opinion filed December 10, 1932.

*W. F. Challis* and *D. C. Hill,* both of Wamego, for the appellant.

*M. A. Bender* and *Minnie M. Banks,* both of Holton, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff brought this action against defendant, a dealer in farm machinery, to recover the sum of $369.75 with accrued interest upon a trade acceptance drawn by the Belle City Manufacturing Company. It was dated *and drawn* on November 1, 1929, and payable November 1, 1930. The acceptance passed to the plaintiff by transfer and indorsement of the drawer, and not being paid according to its purport this action followed.

Plaintiff alleged the foregoing facts and specifically alleged that the trade acceptance was presented to defendant for acceptance on October 24, 1929 (a week before it was drawn!) and on the same date defendant accepted it for payment at a bank in St. George.

Defendant answered with a general denial and with a specific denial of plaintiff's ownership of the instrument sued on. His answer also alleged that contemporary with the execution of the trade acceptance and as part of the same transaction he executed and delivered to the Belle City Manufacturing Company another instrument denominated a negotiable trust receipt for "one Belle City corn picker-husker for Fordson tractor," which the Belle City Manufacturing Company, as owner, delivered into the custody of defendant, as trustee, to be warehoused and sold by the latter at a retail price of $435, of which amount the sum of $369.75 should be handled by defendant as a trust fund and transmitted to the Belle City Manufacturing Company. It was also set out in this instrument that the machine was accepted and held as trust property only. Defendant's answer also alleged that the machine was never sold but was in the possession of the sheriff of Pottawatomie county under a writ of attachment.

Defendant further alleged that plaintiff never became a *bona fide* holder of the trade acceptance but took it with full notice of the defenses thereto, and with full notice that it was given without consideration; that it was merely evidential of the fact that defendant was bailee of the machine for the Belle City Manufacturing Company; and that the instrument should be construed with its associated trust receipt as evidence of one transaction, and that it was not negotiable. The trust receipt passed into the hands of plaintiff by virtue of the following indorsement (the date of which had been subjected to alteration) as follows:

"For one dollar and other good and valuable considerations, we hereby assign, transfer and set over to the Agricultural Bond and Credit Corporation all of our right, title and interest in and to the within negotiable trust receipt, as security for trade acceptance No. T-3450, Earl Koenig, acceptor.

"BELLE CITY MANUFACTURING COMPANY,
"By GEO. A. NELSON, *Treasurer.*"

Defendant's answer further alleged:

"VII. . . . That he [defendant] denies that he ever executed the said trade acceptance or the said trust receipt in the manner and form set out in the plaintiff's petition, and that the same are not the obligations of this defendant, and that the said trade acceptance is not his nor is the said receipt.

"VIII. . . . That the sole and only consideration for the execution of said trust receipt was the potential commission defendant had in the event of the sale of the said corn picker, and during all the time since the execution

thereof this defendant has been a gratuitous bailee of the corn picker, and during all of the time herein mentioned the said Belle City Manufacturing Company has exercised dominion over the same."

This answer was verified.

Plaintiff's reply alleged that the Belle City Manufacturing Company, for value received, indorsed, transferred and delivered to it the trade acceptance, as a negotiable bill of exchange, before its maturity; that plaintiff thereby became a holder in due course without notice of infirmities, and moreover that it was given by defendant to the Belle City Manufacturing Company in payment for a certain corn-picking machine, and that defendant thereby purchased said implement and became its owner, and in consequence the trade acceptance was given for a sufficient consideration.

Jury waived; trial by the court on the pleadings, exhibits, oral testimony and depositions. At its conclusion the record recites:

"The court finds: that the plaintiff was not and is not a holder in due course of the trade acceptance and bill of exchange sued upon in this action, and that the defendant is entitled to maintain his defense thereto.

"The court further finds: that said trade acceptance is a nonnegotiable instrument, and that plaintiff is not entitled to recover in this action."

Judgment for defendant was entered accordingly.

Plaintiff appeals, suggesting that the questions for our review are whether appellant became a holder in due course when it purchased the bill of exchange and whether it had notice of any defenses thereto.

The evidence which the trial court chose to believe tended to show that the execution of the trade acceptance and the so-called negotiable trust receipt were complementary instruments pertaining to a single transaction. These instruments must therefore be construed together, and so construed they merely define the rights and duties of the parties to a conditional business transaction. Furthermore, it is perfectly apparent that the date of the assignment of the trust receipt to plaintiff was altered to May 15, 1930, and it does not take a very critical eye to discover that the original date of this indorsed assignment which is but imperfectly erased was November 1, 1929, and therefore contemporaneous with the date its complementary instrument was assigned to plaintiff.

It hardly needs to be said that such a flagrant tampering with the date of the assignment of the trust receipt vitiates it, and the trade acceptance, being but a complementary part of it, cannot be re-

garded as an independent negotiable instrument within the meaning of the statute. Moreover, it clearly appears, we think, that the trial court's judgment does not rest solely upon its legal interpretation of the trade acceptance, but upon the issues of fact raised by defendant's answer. On this view of the record the trial court's conclusion and judgment are unassailable.

The judgment is therefore affirmed.